**KANSAS GAS & ELECTRIC CO. v. CITY OF INDEPENDENCE, KAN., et al.**

No. 1202.

Circuit Court of Appeals, Tenth Circuit.

Nov. 7, 1935.

For former opinion, see 79 F.(2d) 32.

Blatchford Downing, of Kansas City, Mo. (McCune, Caldwell & Downing, of Kansas City, Mo., and Thos. E. Wagstaff and Wagstaff & Scovel, all of Independence, Kan., on the brief), for appellant.

Chester Stevens, of Independence, Kan. (Theo. F. Varner, of Topeka, Kan., on the brief), for appellees.

Henry T. Hunt, Sp. Asst. to Atty. Gen., amicus curiæ.

Before LEWIS, PHILLIPS, and McDERMOTT, Circuit Judges.

PHILLIPS, Circuit Judge.

In the petition for rehearing counsel assert that the construction which our opinion gave to the provision of the Constitution respecting the power to lay and collect taxes, opens the door to wide encroachment by the National government on the reserved powers of the states. Counsel apparently construe the opinion as holding in effect that the phrase in such provision "to * * * provide for the * * * general Welfare of the United States" (Const. art. 1, § 8) is in and of itself an independent grant of power. While we feel that our former opinion is not subject to that construction, nevertheless, we shall undertake to restate our conclusions more explicitly.

We held that the general welfare clause is not an independent grant of power, but solely a limitation on the taxing power. The power granted is to lay and collect taxes. The phrase "to pay the Debts and provide for the common Defence and general Welfare of the United States" measures the purpose for which taxes may be levied and collected.

We further held that the provision respecting the power to lay and collect taxes is not limited by the sixteen specifically enumerated powers that follow it. It is restricted by its own provisions, namely, to

pay the debts and provide for the common defense and general welfare, and the limitation that taxes may only be imposed for a public purpose.

But since the function of the general welfare clause is solely to limit, it grants no power, and when taxes have been laid and collected and the money appropriated, the taxing power is exhausted. Therefore, the Congress may not enact legislation to promote the general welfare, except within the compass of the powers granted expressly, or by necessary implication by the provisions of section 8 of article 1 of the Constitution, which follow the provision giving the power to lay and collect taxes. It may only levy and collect taxes and appropriate the moneys raised to provide for the general welfare. It may not, in addition to laying and collecting a tax and appropriating the moneys raised to provide for the general welfare, authorize or direct action, to promote the general welfare, by a federal agency or instrumentality, which would encroach on the reserved powers of the states.[1]

To construe the provision respecting taxation as authorizing any federal governmental action involving the expenditure of tax moneys, or any federal legislation, that would promote the general welfare, would in effect make the general welfare clause therein a general grant of power, and would open the door to wide encroachments on the reserved powers of the states.

In the instant case the grant is to be expended by a state agency. The federal government does not, under the provisions of the National Industrial Recovery Act here involved, propose to enter the territory of the states and there through its own agencies and instrumentalities engage in a nonfederal activity. It simply proposes, in order to promote the general welfare of the United States, to advance funds by loans or grants to the states and their agencies to carry out their own powers to construct public works. The state is free to accept a loan or grant as it wills and there is no encroachment on state sovereignty.

It is urged that although broadly considered a grant by the Congress to a state, or its agency to construct public works in order to promote the general welfare may be valid, yet the grant here is invalid because it is a grant to construct a new utility to compete with an existing privately owned utility that is capable of, and is rendering adequate service. In other words, the power of the administrator to make this specific grant is challenged. We are of the opinion that the validity of the acts of the administrator in administering title 2 of the National Industrial Recovery Act (48 Stat. 200 [40 USCA § 401 et seq.]) should not be passed on unless and until he or his local representative is made a party defendant to the action.

The petition for rehearing is denied.

---

[1] Mr. Jefferson in his opinion on the Bank of the United States said:

"To lay taxes to provide for the general welfare of the United States, is to lay taxes for the purpose of providing for the general welfare. For the laying of taxes is the power, and the general welfare the purpose, for which the power is to be exercised. Congress are not to lay taxes ad libitum, for any purpose they please; but only to pay the debts, or provide for the welfare of the union. In like manner they are not to do any thing they please, to provide for the general welfare; but only to lay taxes for that purpose. To consider the latter phrase, not as describing the purpose of the first, but as giving a distinct and independent power to do any act they please, which might be for the good of the union, would render all the preceding and subsequent enumerations of power completely useless. It would reduce the whole instrument to a single phrase, that of instituting a congress with power to do whatever would be for the good of the United States; and, as they would be the sole judges of the good or evil, it would also be a power to do whatever evil they pleased." Jefferson's Correspondence, pp. 524, 525; Child Labor Case, 259 U. S. 20, 41, 42 S. Ct. 449, 66 L. Ed. 817, 21 A. L. R. 1432; Veazie Bank v. Fenno, 8 Wall. 533, 541, 19 L. Ed. 482.